**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

SOUTHBOUND, INC.,                    §
          *Plaintiff*                §
                                     §
                                     §          **SA-21-CV-78-XR**
-vs-                                 §
                                     §
FIREMEN'S INSURANCE COMPANY          §
OF WASHINGTON, D.C. AND JIM          §
AMATO,                               §
          *Defendants*              §


**ORDER**

On this date, the Court considered Plaintiff Southbound, Inc.'s motion to remand the case (docket no. 10), Defendant Firemen's Insurance Company of Washington, D.C.'s response (docket no. 13), and Plaintiff's reply (docket no. 15). After careful consideration, Plaintiff's motion is DENIED.

**BACKGROUND**

On December 30, 2020, Southbound ("Plaintiff") filed its Original Petition in the 57th District Court of Bexar County, Texas. Docket no. 1 Ex. 2. Plaintiff owns properties located at the Leon Springs Business Park which were damaged by a hail and windstorm on April 13, 2019. *Id*. Plaintiff reported the damages to its insurer, Defendant Firemen's Insurance Company of Washington, D.C. ("Firemen's"), and on April 16, 2019, Firemen's assigned Defendant Jim Amato ("Amato"), to inspect and assess the claim. *Id*. On August 5, 2019, Defendants informed Plaintiff that it would pay out on the policy an amount that was allegedly unreasonably low for the type of damage sustained. That is, while Defendants estimated hail damage of $125,112.81, Plaintiff's inspector estimated damage of $960,912.63. *Id*. at 5.

1

Plaintiff alleges that the Defendants used biased adjusters, estimators, and engineers to improperly value, assess, and pay Plaintiff's insurance claim. Plaintiff asserts causes of action for breach of contract and violation of Chapter 542 of the Texas Insurance Code against Firemen's. *Id.* at 6. Plaintiff further asserts causes of action against both Firemen's and Amato for breach of the duty of good faith and fair dealing, and for violations of the Deceptive Trade Practices Act and Chapter 541 of the Texas Insurance Code. *Id.* at 7–9.

Firemen's removed the case to this Court on February 1, 2021 asserting diversity jurisdiction under 28 U.S.C. § 1332. Docket no. 1 ¶ 5. Two days earlier, on January 29, 2021, Firemen's sent Plaintiff a letter purporting to accept all of Amato's liability that may arise from Plaintiff's claim under Section 542A.006 of the Texas Insurance Code. Docket no. 1 Ex. B. Plaintiff filed a Motion to Remand on February 19, 2021, arguing that complete diversity is lacking. Docket no. 10.

Firemen's is a citizen of Delaware and Virginia, and both Plaintiff and Amato are citizens of Texas. Docket no. 12 ¶ 3–5. However, Firemen's argues that Amato's citizenship should be disregarded for purposes of diversity jurisdiction because Plaintiff is unable to recover against Amato due to Firemen's election to accept all liability Amato may have to Plaintiff. *Id.* ¶ 4. Plaintiff counters that Firemen's has failed to establish that Amato was improperly joined and that Firemen's post-suit election of Amato's liability does not defeat Plaintiff's claim against him. Docket no. 10 at 1.

## DISCUSSION

### I.   Legal Standard

Under 28 U.S.C. § 1441(a), a defendant is permitted to remove a civil action from state court to a district court that has original jurisdiction. Under 28 U.S.C. § 1332(a), district courts

have original jurisdiction over cases between completely diverse citizens involving an amount in controversy of at least $75,000.  "The improper joinder doctrine constitutes a narrow exception to the rule of complete diversity."  *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011).  If a non-diverse defendant is found to be improperly joined, the non-diverse defendant may be disregarded for diversity jurisdiction purposes and dismissed from the action, leaving the court with proper jurisdiction over the remaining parties.  *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016).

The removing party is required to establish both federal jurisdiction and the elements needed for a claim of improper joinder.  *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)).  There are "two ways to establish improper joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'"  *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (citing *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2000)).

## II.   Analysis

### a.   Federal Diversity Jurisdiction

Diversity jurisdiction is proper under 28 U.S.C. § 1332(a) when there is complete diversity and an amount in controversy of at least $75,000.  A corporation is "deemed to be a citizen of every State and foreign state by which is has been incorporated and . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1).  It is undisputed that Firemen's is a citizen of Delaware and Virginia for purposes of diversity jurisdiction, and that Plaintiff is a citizen of Texas.  Docket no. 12 ¶¶ 3–4.  The amount in controversy exceeds $75,000.  Therefore, the requirements needed for federal diversity jurisdiction are met as between Plaintiff and Firemen's.  However, the diversity of citizenship requirement for federal diversity jurisdiction is not met as between Plaintiff

and Amato because both are domiciled in Texas. *Id.* ¶¶ 3–5.  Thus, if Amato is a proper defendant, this Court does not have jurisdiction and must remand.

### b.  Improper Joinder

Firemen's argues that Amato's citizenship should be disregarded for diversity purposes because Plaintiff is unable to recover from Amato due to Firemen's election to accept Amato's liability under Texas Insurance Code Section 542A.006.  Firemen's claims no fraud, so the Court proceeds to the analysis of the second prong of the improper joinder test to determine whether Plaintiff has a "reasonable basis of recovery under state law" against Amato. *Smallwood*, 385 F.3d at 573.  "Courts in the Fifth Circuit apply a '12(b)(6)-type analysis' to determine whether a plaintiff has a reasonable basis of recovery.  If a plaintiff has not stated a claim for relief against a non-diverse defendant, then that defendant was improperly joined, and the court may disregard their citizenship." *Bexar Diversified MF-1, LLC v. Gen. Star Indem. Co.*, No. SA-19-CV-00773-XR, 2019 WL 6131455, at *2 (W.D. Tex. Nov. 18, 2019) (citing *Smallwood*, 385 F.3d at 573; *Allen v. Walmart Stores, LLC*, 907 F.3d 170, 183 (5th Cir. 2018)).

The issue of whether Plaintiff has a reasonable basis of recovery against Amato, turns on this Court's interpretation of Texas Insurance Code § 542A.006.

### c.  Texas Insurance Code Section 542A.006

The Texas Insurance Code states that in any action where Section 542A.006 applies, "an insurer that is a party to the action may elect to accept whatever liability an agent might have to the claimant for the agent's acts or omissions related to the claim by providing written notice to the claimant." TEX. INS. CODE § 542A.006(a).  This provision has created a split among the district courts regarding Section 542A.006's effect on removal and diversity jurisdiction.  In *444 Utopia Lane, LLC v. Peleus Ins. Co.*, this Court considered a case with similar facts to this one.  No. SA-

20-CV-0716-XR, 2020 WL 4593209, at *2 (W.D. Tex. Aug. 11, 2020).  In that case, the plaintiff brought suit against the defendants—an insurer and the agent entity responsible for issuing and placing the insurer's policies—alleging breach of contract, violations of Chapter 541 and Chapter 542 of the Texas Insurance Code, DTPA violations, and breach of the duty of good faith and fair dealing.  *Id.* at *2.  The insurer accepted all liability for the agent entity and removed the case from state court.  *Id.* at *2.  The plaintiff moved to remand arguing, *inter alia*, that the parties were not diverse, and this Court lacked jurisdiction.  *Id.* at *3.  This Court found, consistent with its prior holding, "that both pre-suit and post-suit elections of acceptance of liability are sufficient to establish improper joinder," and dismissed all claims against the non-diverse and improperly joined party for want of subject matter jurisdiction.  *Id.* at *5 (citing *Bexar Diversified MF-1, LLC v. Gen. Star Indem. Co.*, No. SA-19-CV-00773-XR, 2019 WL 6131455, at *5 (W.D. Tex. Nov. 18, 2019)).

Plaintiff cites *River of Life Assembly of God v. Church Mutual Insurance Company* as a case following the "majority" view.  Docket no. 15 at 3.  In that case, also involving an insurance dispute, the court found that an insurer's post-suit election of its agent's liability did not result in improper joinder, stating that if a party "is improperly joined, it must be for a reason that predated his joinder."  *River of Life Assembly of God v. Church Mut. Ins. Co.*, No. 1:19-CV-49-RP, 2019 WL 1767339, at *3 (W.D. Tex. Apr. 22, 2019).  Plaintiff argues that this Court should overturn its precedent and follow the "majority" view.  Docket no. 10 at 8.  Plaintiff asserts that because Firemen's did not elect to accept Amato's liability prior to the filing of the suit, then joinder of Amato was not improper when the suit was filed.  *Id.*  However, this Court has disagreed with this line of reasoning.  *See Bexar Diversified MF-1, LLC*, 2019 WL 6131455, at *4 ("[W]here a diverse insurer elects to accept liability for a non-diverse defendant under Section 542A.006, and that

election establishes the impossibility of recovery against the non-diverse defendant in state court <u>at the time of removal</u>, the non-diverse defendant is improperly joined and its citizenship may be disregarded.") (emphasis in original).  This Court's view is in line with the Fifth Circuit's holding in *Smallwood*.  *See Smallwood*, 385 F.3d at 573 ("[T]he test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant."); *see also Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939) (stating that the propriety of removal is "to be determined according to the plaintiffs' pleading at the time of the petition for removal.").

Section 542A.006(c) is unambiguous in stating that "[i]f a claimant files an action to which this chapter applies against an agent and the insurer thereafter makes an election, . . . the court shall dismiss the action against the agent with prejudice."  A plain reading of the Code requires a court to dismiss the action against the agent when the insurer elects to accept all liability, regardless of whether the election occurred before or after the filing of the action.  TEX. INS. CODE §§ 542A.006(b), (c).  Plaintiff asserts that "Defendant has failed to attempt or meet its heavy burden to show fraudulent joinder, this case must be remanded to state court."  Docket no. 10 at 10.  This argument fails because this Court "follows the rule that an insurer's election that renders it impossible for a plaintiff to recover against a non-diverse defendant at the time of removal is sufficient to establish improper joinder."  *Bexar Diversified MF-1, LLC*, 2019 WL 6131455, at *5.

Further, Plaintiff alleges that the voluntary-involuntary rule renders any removal improper if "diversity jurisdiction is created by the conduct of a defendant or order of the court."  Docket no. 10 at 5.  However, improper joinder is an exception to the general voluntary-involuntary rule.  *Crocket v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 533 (5th Cir. 2006).  In addition, contrary to Plaintiff's assertion that Firemen's needed to file a state court motion to dismiss prior to removal

(docket no. 15 at 5), this is not required under the improper joinder doctrine. *Flores v. Allstate Vehicle & Prop. Ins. Co.*, No. SA-18-CV-742-XR, 2018 WL 5695553, at *5 (W.D. Tex. Oct. 31, 2018). Therefore, because Firemen's elected to accept all of Amato's liability that may arise pursuant to Section 542A.006 of the Texas Insurance Code, recovery against Amato is impossible and Firemen's has established that Amato was improperly joined. The Court holds that Amato's citizenship may be disregarded for diversity purposes and that removal was proper.

## CONCLUSION

Plaintiff's Motion for Remand (docket no. 10) is **DENIED** as discussed herein and all claims against Defendant Amato are **DISMISSED** without prejudice.[1]

It is so **ORDERED**.

**SIGNED** this 10th day of March 2021.

Xavier Rodriguez
United States District Judge

---

[1] Section 542A.006 directs a court to dismiss the agent with prejudice. However, this Court's lack of subject matter jurisdiction over an improperly joined defendant requires a dismissal *without* prejudice. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 210 (5th Cir. 2016).